In re Javier and Ines C. RODRIGUEZ, Debtors.

William ROEMELMEYER, Trustee, Plaintiff,

v.

Javier and Ines C. RODRIGUEZ, Defendants.

Bankruptcy No. 86–04022–BKC–SMW. Adv. No. 88–0383–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

Sept. 19, 1988.

Steven H. Friedman, Miami, Fla., for trustee.

William Roemelmeyer, Miami Shores, Fla., trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court upon the complaint of William Roemelmeyer (the "trustee") against Javier and Ines C. Rodriguez (the "debtors") to revoke the debtors discharge pursuant to 11 U.S.C. § 727(a)(6)(A) and (d)(3), and the Court having heard the testimony, examined the evidence presented, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the Following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 157(a), (b) and § 1334(b), and the district court's general order of reference. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(J).

The debtors received their discharge on April 13, 1987. Thereafter, on February 27, 1987, this Court entered an order wherein the debtors agreed to purchase the non-exempt property of the estate from the trustee for $1,508.00. The debtors made five payments of $200.00 but defaulted in the payments of the remaining installments to the trustee in the amount of $508.00.

The trustee's adversary complaint alleges that the debtors discharge should be revoked for their failure to comply with this Court's February 27, 1987 order. The debtors were served, pursuant to Bankruptcy Rule 7044(b), at the address listed in their bankruptcy petition on August 5, 1988. The debtors did not file an answer and failed to appear at the scheduled trial on September 13, 1988.

Under 11 U.S.C. § 727(d)(3) a bankruptcy court may revoke a debtors discharge upon request by the trustee. The discharge may be revoked if the debtor has refused to obey an order of the court as specified under 11 U.S.C. § 727(a)(6)(A). The trustee has not received payment from the debtors for the remaining installments due under the terms of the February 27, 1987 court order. Therefore, the Court finds, that the debtors discharge is revoked under 11 U.S. C. § 727(d)(3) for their failure to obey this Court's order of February 27, 1987.

A separate Final Judgment of even date has been entered in conformity herewith.